UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
JULIUS PARK,

              Plaintiff,

  -against-                               **COMPLAINT**

THORNTON TOMASETTI, INC.,          **JURY TRIAL DEMANDED**

              Defendant.
------------------------------------------------------x

        Plaintiff Julius Park, by and through his undersigned attorneys, as and for his complaint against Defendant Thornton Tomasetti, Inc., alleges upon information and belief as follows:

### NATURE OF THE ACTION

        1.     This action arises from Defendant's wrongful termination of Plaintiff in blatant violation of Plaintiff's exercise of his rights under the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101, *et seq.*

        2.     Plaintiff had worked for Defendant for more than two years when he informed his manager that his father had a life-threatening sudden cardiac arrest and Plaintiff needed to take a leave of absence to care for him.

        3.     During his time working for Defendant, Plaintiff was highly recognized employee and was ranked at or near the top in the task of answering Defendant's clients' Information Technology ("IT") inquiries directed to his department.  Indeed, just days before telling Defendant of his need to take family leave, Plaintiff was awarded a bonus and a raise and Defendant commended him for his "hard work and dedication" and for "[his] contributions to the overall success of [the company]".

4. But within three days after informing Defendant that he needed to take a family leave due to his father's life-threatening condition, Plaintiff was summarily terminated, based on contrived and demonstrably false reasons.

5. Defendant acted illegally, in violation of both federal and local laws, and Plaintiff has been damaged by those actions.

**PARTIES**

6. Plaintiff is an individual residing in Rahway, New Jersey. Plaintiff was an "eligible employee" under the FMLA and applicable state and local laws.

7. Defendant Thornton Tomasetti, Inc. is a domestic business corporation with its global headquarters located at 120 Broadway, 15th Floor, New York, New York. Defendant is an employer under the FMLA and applicable state and local laws.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's claims under the New York City Human Rights Law pursuant to 18 U.S.C. § 1367.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to these claims occurred within this District.

**FACTUAL BACKGROUND**

10. Defendant is a global scientific and engineering consulting firm based in New York City with over 1,500 employees worldwide.

11. Plaintiff worked for Defendant full-time as an IT Support Technician in Defendant's New York City offices from April 2019 until he was terminated in April 2021.

12. Plaintiff was a highly motivated and diligent employee, even working weekends when necessary. All of his hard work led to Plaintiff being ranked first in a ranking out of five (a measure utilized by Defendant to gauge IT Technician's efficiency and performance) in his department in closing cases (i.e., resolving IT issues that were assigned to him).

13. Indeed, during his entire tenure with Defendant, Plaintiff had never received any negative warnings (written or verbal) regarding his work performance.

14. In or about early to mid-April 2021, Defendant presented Plaintiff with a written commendation thanking him for "[his] contributions to the overall success of Thornton Tomasetti this past year", and, in recognition of his "hard work and dedication", awarded Plaintiff a bonus and a raise in his salary. Defendant stated that, "These awards reflect your performance in 2020 and the contributions you made to achieve our company's goals during the past year."

15. Plaintiff's manager informed him that, "I, along with the entire Thornton Tomasetti leadership team, thank you for your commitment and look forward to your continued success in 2021"

16. On or about April 20, 2021, Plaintiff informed his manager, Pete Lopez, that his father had an unexpected life-threatening cardiac arrest. At first, Mr. Lopez was sympathetic and supportive of Plaintiff's situation, reminding him of the recent salary raise and bonus granted by Defendant for his good work, and for Plaintiff to contact Mr. Lopez should he need anything at all in connection with his father's health condition.

17. On or about April 23, 2021, Plaintiff informed Mr. Lopez that he needed to take an immediate leave of absence in order to provide urgent care to his father, and

Plaintiff was instructed to contact Defendant's human resource ("HR") department regarding his request for a leave of absence.  Plaintiff contacted HR that same day and was informed that he was eligible for FMLA leave as well as State Paid Family Leave.

18.     Plaintiff provided all required documentation supporting his request for family leave to Defendant's HR department on Friday, April 23, 2021.

19.     The following Monday, i.e., *the very next business day after requesting leave to care for a sick family member*, Plaintiff was terminated, effective immediately so that Plaintiff could not take the leave he had requested on the previous Friday.

20.     In terminating Plaintiff, Defendant gave two contrived and pretextual reasons, which Defendant had never raised previously.  First, Defendant referred to Plaintiff's ostensible lack of job/work performance. Second, Defendant asserted that Plaintiff had been denied security clearance from the U.S. Department of Defense.

21.     Both of those purported reasons were spurious.  Indeed, Plaintiff had been awarded a raise and commended for his contributions to the company only days earlier.  And, Plaintiff's security clearance application was still pending and no determination had been made on it at the time of his termination.

22.     The real reason Plaintiff was terminated was because Defendant did not want to grant him the leave he requested, the leave he was entitled to under the law.  Defendant's actions were illegal, retaliatory, and discriminatory.

## FIRST CAUSE OF ACTION
### (Violation of FMLA)

23.     Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

24. Under the FMLA and applicable state and local law, Plaintiff was entitled to take a leave of absence from his work for Defendant to care for his sick parent.

25. After informing his manager of his father's sudden, debilitating health situation and his need for a leave of absence to care for his father, Plaintiff submitted his application for leave and supporting information to Defendant's HR department on Friday, April 23, 2021.

26. The next business day, Monday April 26, 2021, Plaintiff was informed he was being immediately terminated, despite Plaintiff having worked for Defendant full-time for over two years and having been awarded a raise and a bonus, together with a commendation for his work, from Defendant just days earlier.

27. The FMLA provides, in relevant part, "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this title [29 USCS §§ 2611 et seq.]."  28 U.S.C. § 2615(a)(2).

28. In terminating Plaintiff, Defendant violated the FMLA.

29. As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### (Violation of NYCHRL)

30. Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

31. Under the NYCHRL, it is an unlawful discriminatory practice for an employer to discharge an employee based on his status as a caregiver.  NYC Administrative Code 8-107(31(c)(1)).

32. Defendant is an "employer" within the scope of the NYCHRL.

33. Plaintiff is a "caregiver" within the scope of the NYCHRL.

34. The aforementioned actions by Defendant, which occurred within the City of New York, violated the NYCHRL.

35. As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for a judgment against Defendant awarding Plaintiff monetary damages, including back pay and front pay, liquidated damages, punitive damages, pre-judgment interest, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY**

Plaintiff demands a trial by jury on all issues so triable.

Dated: Englewood Cliffs, New Jersey
       November 2, 2021

                                    HUR, LASH & CHOE, LLP

                                    By:  /s/ Robert L. Lash
                                         Robert L. Lash
                                         Scott K. Hur
                                    *Attorneys for Plaintiff*
                                    600 Sylvan Avenue, Suite 109
                                    Englewood Cliffs, NJ 07632
                                    Tel: (212) 468-5590
                                    rlash@hlnylaw.com
                                    shur@hlnylaw.com